*420
SUMMARY ORDER

Plaintiff-Appellant John Jorgensen, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Keenan, /.), dismissing his complaint against Defendant-Appellee Sony BMG Music Entertainment (“Sony BMG”). We assume the parties’ familiarity with the facts and procedural history of this case.
Jorgens argues that his complaint was different from the first lawsuit he filed against the predecessor-in-interest to Sony BMG. We hold that the district court properly found that the doctrine of res judicata barred Jorgensen’s copyright infringement suit against Sony BMG because the prior lawsuit, which was decided on its merits, and the instant complaint involve the same factual allegations, legal theories and parties. See Corbett v. MacDonald Moving Services, Inc., 124 F.3d 82, 87-88 (2d Cir.1997).
“Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.” King v. Fox, 418 F.3d 121, 131 (2d Cir.2005) (internal quotation marks omitted). To determine whether res judi-cata bars a subsequent action, the Court must consider whether: (1) the first decision was a final judgment on the merits; (2) the litigants were the same parties; (3) the prior court of was of competent jurisdiction; and (4) the causes of action were the same. Corbett, 124 F.3d at 87-88.
Here, the 2004 judgment was on the merits, as the district court granted summary judgment, which was affirmed by this Court. See Jorgensen v. Epic/Sony Records, 351 F.3d 46 (2d Cir.2003). Moreover, there is no dispute that Sony BMG is the successor-in-interest to Sony, which represented Sony BMG’s interest in the previous proceedings. Therefore, the parties in the prior proceedings and this case are the same. See Stichting ter behartiging van de belangen van oudaandeelhouders in het kapitaal van Saybolt Int’l B.V. v. Schreiber, 327 F.3d 173, 185 (2d Cir.2003). Next, there is no dispute as to the jurisdiction of the district court over the prior proceedings. Finally, the cause of action in the prior proceedings and the current claim are the same. In both complaints, the cause of action was based on alleged copyright infringement of “Lover,” to which Sony purportedly had access from 1995 to 1997, and Jorgensen requested the same relief. The facts that Jorgensen had to prove in the 2007 complaint are the same as the facts that he had to prove in the 2001 complaint and, thus, the evidence required for both complaints is indistinguishable. Moreover, although Jorgensen argues that the current complaint includes secondary issues, the factual allegations with respect to Sony in this complaint are identical to those in the previous complaint.
We have reviewed appellant’s remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.